FILED

2015 NOV 16 PM 1: 46

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EDUARDO NUNEZ and MARICELA NUNEZ,
**Plaintiffs,**

-vs-                                                    Case No.  A-15-CA-764-SS

CITIMORTGAGE, INC.,
**Defendant.**

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs Eduardo and Maricela Nunez's First Amended Original Petition [#1-3] and Defendant CitiMortgage, Inc.'s Motion to Dismiss [#4], to which the Plaintiffs have not filed a response. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

## Background

In this lawsuit, Plaintiffs Eduardo and Maricela Nunez challenge CitiMortgage, Inc. (CMI)'s authority to foreclose on their home, located at 214 Hazeltine Drive, Lakeway, Texas 78734 in Travis County. This is the second lawsuit initiated by Plaintiffs challenging CMI's authority to foreclose on the property in question. The relevant facts remain the same.

Plaintiffs took out two home equity loans secured by a lien against the property in question, one in 2001 and another in 2006, the latter of which was originally made by AAMG but has since been transferred by merger to CMI. On November 30, 2010, CMI obtained a Default Home Equity Foreclosure Order from the 126th District Court of Travis County, Texas authorizing it to proceed

with a non-judicial foreclosure of the 2006 deed of trust and sale of the property pursuant to Texas Rule of Civil Procedure 736. The 2001 home equity loan has not been released.

Plaintiffs filed their first lawsuit against CMI in this Court on January 7, 2014—seven years after taking out the 2006 home equity loan and three years after CMI obtained the foreclosure order—seeking to quiet title in their name on the grounds the 2006 home equity loan violated article XVI, section 50(a)(6) of the Texas Constitution, which prohibits a party from having more than one home equity loan at a time on their homestead. Plaintiffs also requested a declaration the lien and any associated documents were void and an injunction preventing CMI's foreclosure of the property. On March 3, 2014, this Court dismissed Plaintiffs' first lawsuit as barred by the applicable four-year statute of limitations. *See* Order of March 3, 2014 [#8], *Nunez v. Citimortgage, Inc.*, No. 1:14-cv-89-SS (W.D. Tex. Mar. 3, 2014) (First Lawsuit). The Fifth Circuit affirmed this Court's dismissal on April 21, 2014, and the United States Supreme Court denied certiorari. *Nunez v. CitiMortgage, Inc.*, 606 Fed. App'x 786 (5th Cir. 2014), *cert. denied*, 136 S. Ct. 223 (2015).

Plaintiffs commenced the instant lawsuit in the 126th Judicial District Court, Travis County, Texas, on August 4, 2015, again based on the 2006 home equity loan foreclosure, asserting a quiet title claim and adding two claims apparently pursuant to Texas Rule of Civil Procedure 736. The two new claims allege (1) the filing of this lawsuit requires this Court vacate the Default Home Equity Foreclosure Order under Rule 736.11 and (2) the Default Home Equity Foreclosure Order was entered without providing Plaintiffs a hearing as required under Rule 736.6. CMI removed the case to this Court on the basis of diversity jurisdiction, and now moves to dismiss.

**Analysis**

As an initial matter, the Court GRANTS CMI's motion to dismiss as unopposed because Plaintiffs have failed to respond in any manner. *See* Local Rule CV–7(e)(2). Alternatively, the Court briefly addresses the merits of the motion.

## I.     Legal Standard—Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff

must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.    Application—Res Judicata

CMI argues Plaintiffs' claims are barred by the doctrine of res judicata because Plaintiffs' claims were or could have been raised in their prior suit. "The doctrine of res judicata, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004). For a court to trigger res judicata, "(1) the parties in both the prior suit and the current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits." *Id.* at 313. Identical causes of action are not strictly necessary; "a prior judgment's preclusive effect extends to all rights of the plaintiff" based on the same "nucleus of operative facts." *Id.*

Plaintiffs' claims are barred by the doctrine of res judicata. The first three elements of res judicata are undoubtedly present because the parties in the first suit and the current suit are identical and this Court rendered a final prior judgment in the first suit. Indeed, on January 20, 2014, the same plaintiffs, Eduardo and Maricela Nunez, filed suit against the same defendant, CMI, and on March 3, 2014, this Court rendered a final judgment of dismissal on the merits. *See May v. Transworld Drilling Co.*, 786 F.2d 1261, 1263 (5th Cir. 1986) ("[A] judgment of dismissal for failure to state a claim is a judgment on the merits, with preclusive effect."); *see also Mathis v. Laird*, 457 F.2d 926,

-4-

927 (5th Cir. 1972) (holding a dismissal on statute of limitations grounds to be a decision on the merits for the purposes of res judicata.).

The fourth element is also satisfied because the causes of action here arise out of the same nucleus of operative facts as the prior suit: CMI's efforts to foreclose on the 2006 deed of trust. Plaintiffs' quiet title claim and request for declaratory relief in the instant suit are identical to causes of action raised and dismissed in plaintiffs' first suit and therefore satisfy the fourth element.[1] *See Davis*, 383 F.3d at 313 (". . . the plaintiff must raise the same cause of action in both suits.").

Plaintiffs' two additional Rule 736 claims also satisfy the fourth element and therefore barred. Under Texas law, a claim that could have been brought in a prior lawsuit in which final judgment has been entered is barred if it arises out of the same transaction, or series of transactions, that was the basis of the suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627,631 (Tex. 1992). Plaintiffs' Rule 736 claims arise out of the very same home equity loan transaction which is the source of the claims dismissed in Plaintiffs' first suit. Other than the passage of time, nothing in this case is materially different from what was or could have been alleged in Plaintiffs' first suit. *See Warren v. Mortg. Elec. Registration Sys., Inc.*, 616 Fed. App'x 735, 738 (5th Cir. 2015) (finding the fourth element of res judicata satisfied where new claims could have been asserted in a prior suit because "[e]ach of the suits is based on the same loan . . . ."). Therefore, because Plaintiffs'

---

[1] For the same reasons provided in this Court's March 3, 2014, order dismissing Plaintiffs' first suit, these claims are barred by the applicable four-year statute of limitations and are therefore dismissed as time-barred. *See* First Lawsuit [#8] at 3–5.

additional claims arise out of the same nucleus of operative facts and could have been brought in their first suit, they are barred by res judicata.[2]

### Conclusion

Because plaintiffs' claims are barred by res judicata, CMI's Motion to Dismiss is GRANTED and all of plaintiffs' claims are DISMISSED WITH PREJUDICE because further amendment would be futile and only serve to delay the inevitable foreclosure. *See U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Accordingly,

IT IS ORDERED that Defendant CitiMortgage, Inc.'s Motion to Dismiss [#4] is GRANTED.

IT IS FINALLY ORDERED that all of Plaintiffs Eduardo and Maricela Nunez's claims against Defendant CitiMortgage, Inc. are DISMISSED WITH PREJUDICE.

SIGNED this the _16_ day of November 2015.

*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[2] Further, it is not clear whether an expedited foreclosure proceeding filed pursuant to Texas Rule of Civil Procedure 736 is removable to federal court at all. Rule 736 "does not contemplate an ordinary lawsuit." *Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The party seeking to foreclose files an "application," not a petition, and the debtor may file a "response," not an answer. *See* TEX. R. CIV. P. 736.1, 736.5. No discovery is permitted. TEX. R. CIV. P. 736.4. Rule 736 proceedings are designed to adjudicate only one issue: the right of the applicant to obtain an order to proceed with foreclosure under the security instrument. *Id.* To that end, almost no factfinding takes place; the rule contemplates a single hearing during which the court decides whether the applicant has proven "'the grounds for the granting of the order sought.'" *Huston*, 359 S.W.3d at 682 (quoting TEX. R. CIV. P. 736(6)). The court's ultimate order "has no res judicata, collateral estoppel . . . or other effect in any other judicial proceeding" and "is not subject to a motion for rehearing, new trial, bill of review, or appeal." TEX. R. CIV. P. 736.9, 736.8(c). Simply stated, a Rule 736 proceeding is "not intended to be a binding adjudication of the merits of any disputes between a lender and a borrower." *Huston*, 359 S.W.3d at 682. However, given the Rule 736 claims are barred by res judicata, the Court need not resolve this question.